UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-21826-KMM

MAGGIE TSAVARIS,

    Plaintiff,

v.

PFIZER, INC.; WYETH, Inc. and its divisions
WYETH PHARMACEUTICALS, INC. and
ESI LEDERLE, and WYETH LLC.; NOVO
NORDISK A/S, a Denmark corporation; NOVO
NORDISK INC, a Delaware corporation; and
BRECKENRIDGE PHARMACEUTICAL, INC.,
a Delaware corporation,

    Defendants.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S
MOTION TO STRIKE OR, IN THE ALTERNATIVE,
PLAINTIFF'S MOTION FOR A MORE DEFINITIVE STATEMENT**

This cause is before the Court on Plaintiff's Motion to Strike Defendant Breckenridge Pharmaceuticals, Inc.'s Affirmative Defenses or, in the Alternative, Plaintiff's Motion for a More Definitive Statement (the "Motion" or "Motion to Strike") (ECF No. 50). The matter has been fully briefed and is ripe for review. For the reasons that follow, the Motion to Strike is granted in part and denied in part.

**I.    BACKGROUND**

This is an action by Plaintiff Maggie Tsavaris against several pharmaceutical companies, including Defendant Breckenridge Pharmaceuticals, Inc. ("Breckenridge"), arising out of personal injuries she allegedly sustained after consuming the defendants' medications. The eight-count Amended Complaint (ECF No. 30) asserts claims for negligence, negligent misrepresentation, and strict products liability based on the defendants' design, manufacture, and

distribution of Prempro and Activella, hormone replacement therapy drugs Tsavaris alleges caused her breast cancer. Am. Compl. ¶¶ 1–229. As relief, Tsavaris seeks compensatory and punitive damages, attorney's fees and costs, and a recall of Prempro and Activella. Am. Compl. at 72.

In response, Breckenridge asserts twenty-nine "defenses and affirmative defenses."[1] *See* Breckenridge's Answer to Am. Compl. ("Answer") at 29–34 (ECF No. 42). They challenge the Amended Complaint on various grounds, including a failure to state a claim for relief, federal preemption, statute of limitations, and comparative negligence. *See* Answer at 31–34.

Tsavaris, in turn, moves to strike Breckenridge's defenses as legally insufficient. *See* Pl.'s Mot. to Strike at 2 (ECF No. 50). She argues that the twenty-nine defenses are mere conclusions of law unsupported by any facts. *Id*. Breckenridge, on the other hand, argues that the Court should deny the Motion because the defenses (1) comply with the applicable pleading standard, (2) do not prejudice Tsavaris, and (3) raise legitimate issues of fact and law related to Tsavaris's claims. *See* Breckenridge's Mem. of Law in Opp'n to Pl.'s Mot. to Strike at 1.

## II. DISCUSSION

The issue presented is whether Breckenridge's "defenses and affirmative defenses" survive Tsavaris's Motion to Strike. Before answering that question, however, this Court must first determine the appropriate pleading standard for affirmative defenses. As discussed more fully below, district courts around the country, including in this circuit, disagree over the applicable standard, and the United States Court of Appeals for the Eleventh Circuit has yet to resolve this split.

---

[1] Breckenridge's "defenses and affirmative defenses" are set forth as paragraphs nos. 1–29 on pages 31–34 of the Answer to Plaintiff's Amended Complaint.

### A.     Legal Standard

Federal Rules of Civil Procedure 12(f) authorizes a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Although a court has broad discretion when considering a motion to strike, *see Morrison v. Exec. Aircraft Refinishing Co.*, 434 F. Supp. 2d 1314, 1317–18 (S.D. Fla. 2005), striking a defense from a pleading is a drastic remedy generally disfavored by courts.  *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011).  For that reason, a motion to strike an affirmative defense is typically denied unless the defense (1) has no possible relation to the controversy, (2) may cause prejudice to one of the parties, or (3) fails to satisfy the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  *Nobles v. Convergent Healthcare Recoveries, Inc.*, No. 8:15-CV-1745-T-30MAP, 2015 WL 5098877, at *1 (M.D. Fla. Aug. 31, 2015).  Tsavaris moves to strike based on the third ground.

But district courts disagree over the standard required for pleading affirmative defenses.  Some courts have held that affirmative defenses are subject to the heightened pleading standard of Rule 8(a) set forth in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).  *See, e.g.*, *In re Checking Account Overdraft Litig.*, No. 1:09-MD-02036-JLK, 2015 WL 3551527, at *19 (S.D. Fla. June 8, 2015); *Grovenor House, L.L.C. v. E.I. Du Pont De Nemours And Co.*, No. 09-21698-CIV, 2010 WL 3212066, at *1 (S.D. Fla. Aug. 12, 2010); *Castillo v. Roche Labs. Inc.*, No. 10-20876-CIV, 2010 WL 3027726, at *2 (S.D. Fla. Aug. 2, 2010).  Under this standard, an affirmative defense that "merely offer[s] labels and conclusions or a formulaic recitation of the elements of a cause of action will not do."  *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-CV-337-J-37MCR, 2011 WL 2938467, at *2 (M.D. Fla.

July 21, 2011) (citation omitted).  Instead, a defense would have to contain enough factual matter to "raise a right to relief above the speculative level." *Id.* (citation omitted).

Courts adopting this position advance two main arguments in support.  The first is based on considerations of fairness.  It is unfair, these courts reason, "to require a plaintiff to provide [the] defendant with enough notice that there is a plausible, factual basis for . . . [the plaintiff's] claim under one pleading standard and then permit the defendant under another pleading standard simply to suggest that some defense may possibly apply in the case." *E.g.*, *Castillo*, 2010 WL 3027726, at *2 (citation omitted).  The second argument is based on considerations of policy.  Courts embracing a higher pleading standard maintain that boilerplate defenses clutter the docket, create unnecessary work, and delay discovery. *E.g.*, *id.* (citing *Palmer v. Oakland Farms, Inc.*, No. 5:10CV00029, 2010 WL 2605179, at *1 (W.D. Va. June 24, 2010).

Other courts, however, have held that the heightened pleading standard of *Twombly* and *Iqbal* does not apply to affirmative defenses. *See, e.g., Tarasewicz v. Royal Caribbean Cruises Ltd.*, No. 14-CIV-60885, 2015 WL 1566398, at *2 (S.D. Fla. Apr. 8, 2015); *Sparta Ins. Co. v. Colareta*, No. 13-60579-CIV, 2013 WL 5588140, at *1 (S.D. Fla. Oct. 10, 2013); *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-CV-1576-ORL-37, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013); *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CIV, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013); *Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-cv-337-J-37MCR, 2011 WL 2938467, at *2–3 (M.D. Fla. July 21, 2011); *Floyd v. SunTrust Banks, Inc.*, No. 1:10-CV-2620-RWS, 2011 WL 2441744 (N.D. Ga. June 13, 2011); *Jackson v. City of Centreville,* 269 F.R.D. 661 (N.D. Ala. 2010); *Blanc v. Safetouch, Inc.,* No. 3:07-cv-1200-J-25TEM, 2008 WL 4059786, at *1 (M.D. Fla. Aug. 27, 2008).  In support, these courts point to the differences between Rule 8(a), which governs the pleading of claims, and Rules 8(b) and (c),

4

which apply to affirmative defenses. *Sparta*, 2013 WL 5588140, at *2. Rule 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief," while Rule 8(b)(1)(A) provides only that, when responding to a pleading, a party must "state in short and plain terms its defenses to each claim asserted against it." *Id.*; *see also* Fed. R. Civ. P. 8(a)(2), (b)(1)(A). Similarly, Rule 8(c) requires a party to "affirmatively state any avoidance or affirmative defense." *Sparta*, 2013 WL 5588140, at *2; *see also* Fed. R. Civ. P. 8(c).

Courts offer at least three justifications for applying a less stringent standard to affirmative defenses. First, these courts maintain that the *Twombly* standard is rooted in Rule 8(a)'s "showing" requirement. *See, e.g.*, *E.E.O.C. v. Joe Ryan Enterprises, Inc.*, 281 F.R.D. 660, 662 (M.D. Ala. 2012) (citing cases). As proof, they cite various parts of the *Twombly* opinion, including one particularly telling passage where the United States Supreme Court explains that "Rule 8(a)(2) still requires a '*showing*,' rather than a blanket assertion, of *entitlement to relief*." *Sparta*, 2013 WL 5588140, at *3 (quoting *Twombly,* 550 U.S. at 555 n.3). Juxtaposing the "showing" language in Rule 8(a) with the "stating" language in Rules 8(b) and (c), these same courts then point out the difference between requiring the statement of something and requiring the showing of something:

> "To state" means "[t]o set forth in words; declare," while "to show" refers to the practice of "demonstrat[ing] by reasoning or procedure" or "demonstrat[ing] to by reasoning or procedure; inform[ing] or prov[ing] to: *showed him how to fix the camera; showed her that it could really happen*." Thus, showing requires significantly more than stating alone.

*Id*. (internal citations omitted).

Second, relying on well-settled principles of statutory construction, courts applying a lower pleading standard to affirmative defenses maintain that,

5

>if the drafters of Rule 8 had intended for the "showing" requirement to apply to the pleading of defenses, they knew how to say it, as demonstrated by Rule 8(a), and would have written that requirement into Rules 8(b) and (c). The drafters of Rules 8(b) and (c) having not done so, these courts reason, the judiciary is not free to engraft the "showing" requirement onto these rules itself. Thus, these courts conclude, where, as with Rule 8, the language of the provision being construed is clear, the analysis ends with the language, and the court may not take into account policy considerations.

*Id.* (internal citations omitted).

Lastly, and at least for courts in this circuit, a lower pleading standard is consistent with binding case law. While the Eleventh Circuit has addressed affirmative defenses, it has not extended the pleading requirements of Rule 8(a) beyond claims. Rather, the appeals court has stressed that notice is the main purpose of Rule 8(c). *See Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir.1988) ("The purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it."). In fact, in *Hassan*, the Eleventh Circuit allowed the defendant to raise an affirmative defense it did not even plead because the plaintiff had notice. *Id.*; *see also Hewitt v. Mobile Research Tech., Inc.*, 285 F. App'x 694, 696 (11th Cir. 2008) ("When a plaintiff has notice that an affirmative defense will be raised at trial, the failure of defendant to plead the affirmative defense does not prejudice the plaintiff, and it is not error for the district court to hear evidence on the issue.").

Based on these rationales, this Court joins the growing number of courts in this circuit and others in finding that a lower pleading standard applies to affirmative defenses. Such an approach is faithful both to the letter and the spirit of Rules 8(b) and (c), as revealed through the plain language of Rule 8 and Eleventh Circuit precedent.

### B.     Breckenridge's Defenses

Having established the pleading standard applicable to affirmative defenses, the next issue the Court must decide is whether Breckenridge's "defenses and affirmative defenses" are well-pleaded under that standard.

#### 1.     Defenses Nos. 5, 7, 8, 13, 14, 16, 20, 21, 22, 23, 24

The Court finds that affirmative defenses nos. 5, 7, 8, 13–14, 16, and 20–24 do not satisfy even the lower pleading standard articulated above. Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of a defense and the grounds on which it rests. *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013); *see also Twombly*, 550 U.S. at 555. "A court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (internal citations omitted). Here, affirmative defenses nos. 5, 7, 8, 11, 13–17, and 20–24 are bare-bone conclusions of law without any supporting facts, failing to give Tsavaris "fair notice" of the defenses Breckenridge intends to raise and develop in this case. Therefore, they are stricken with leave to replead.

#### 2.     Defenses Nos. 1, 2, 3, 4, 6, 9, 10, 11, 12, 15, 17, 18, 19, 25, 26, 27, 28, 29

The Court, however, finds that defenses nos. 1–4, 6, 9, 10–12, 15, 17–19, and 25–29 are not affirmative defenses, but rather denials, contrary to Tsavaris's characterization. "An affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Royal Caribbean Cruises, Ltd. v. Jackson*, 921 F. Supp. 2d 1366, 1372 (S.D. Fla. 2013). For that reason, a defense that simply points out a

defect or lack of evidence in a plaintiff's case is not an affirmative defense. *See In re Rawson Food Service, Inc.,* 846 F.2d 1343, 1349 (11th Cir. 1988). When a defendant mislabels a specific denial as a defense, the proper remedy is to treat the claim as a denial, not to strike it. *FDIC v. Bristol Home Mortgage Lending, LLC*, No. 08–81536–CIV, 2009 WL 2488302 at *3 (S.D. Fla. Aug. 13, 2009). Here, defenses nos. 1–4, 6, 9, 10–12, 15, 18–19, and 25–29 do not attempt to avoid liability while admitting to the essential facts of the Amended Complaint. Instead, they attack the Amended Complaint, either by denying the allegations outright or identifying a defect or lack of evidence in Tsavaris's case. Because the proper remedy is to construe these defenses as denials, Tsavaris's request to strike them is denied.

### III.   CONCLUSION

For the foregoing reasons, it is hereby ordered and adjudged that Tsavaris's Motion to Strike (ECF No. 50) is granted in part and denied in part as follows:

1. The Motion to Strike is granted with leave to replead as to affirmative defenses nos. 5, 7, 8, 13, 14, 16, 20, 21, 22, 23, 24; and

2. The Motion to Strike is denied as to defenses nos. 1, 2, 3, 4, 6, 9, 10, 11, 12, 15, 17, 18, 19, 25, 26, 27, 28, and 29.

Breckenridge has until October 9, 2015, to replead the stricken defenses.

Done and ordered in Chambers at Miami, Florida, this 25th day of September, 2015.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

cc:   Counsel of record